## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ABDALLAH ELSHEIKH,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | No.  08 C 1152 |
| | ) | |
| | ) | **Judge Kennelly** |
| **MICHAEL CHERTOFF,** | ) | |
| **AS THE DIRECTOR OF** | ) | |
| **THE DEPARTMENT OF HOMELAND** | ) | |
| **SECURITY, ROBERT S. MUELLER, III** | ) | |
| **AS THE DIRECTOR OF FEDERAL** | ) | |
| **BUREAU OF INVESTIGATIONS** | ) | |
| | ) | |
| **Defendant** | ) | |

### PLAINTIFF'S RESPONSE TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### Introduction

Plaintiff, ABDALLAH ELSHEIKH, ("Abdallah") asks this Court to order U.S. Citizenship and Immigration Services ("CIS") to adjudicate his naturalization application despite the fact that he has not yet been scheduled for an interview and to compel the Federal Bureau of Investigation ("FBI") to complete his background check since Plaintiff cannot be scheduled for an interview unless the background check process is completed.   As part of the application process, his background check must be completed by the Federal Bureau of Investigations.  The FBI and/or USCIS are either unable or unwilling to adjudicate the application due to government inaction.

### Facts

Elsheikh  is a native and citizen of Lebanon who seeks to have his Petition for naturalization (N-400) adjudicated.  He became a Legal Permanent resident of the United States on since 2001. In August 2006 Elsheikh and his wife Rola submitted application for U.S. Citizenship with the Nebraska Service Center. He was fingerprinted for that application, pursuant to the instructions of

USCIS. Although Elsheikh and his wife submitted the applications at the same time, only his wife, Rola has been interviewed and has taken the oath ceremony. Rola had also been part of this instant case, however since her N-400 has since been adjudicated, she has dismissed her claim.

To date, Mr. Elsheikh has not received an interview regarding the naturalization application.

<u>Argument</u>

**1.       Standard For Summary Judgment**

Summary Judgment is appropriate when, based upon all the evidence presented to the court, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56 ( c); *Celotex Corpt v. Catrett,* 477 U.S. 317 (1986). The evidence must be viewed in light most favorable to the non-moving party. *Healy v. City of Chicago,* 450 F. 3d 732, 738 (7th Cir. 2006). Because there are genuine issues of material fact in the instant case, summary judgment in favor of the Defendants should be denied.

**2.       The District Court Lacks Jurisdiction to Directly Adjudicate Elsheikh's Naturalization Application**

The Defendants contend that Elsheikh brings this mandamus action pursuant to 28 U.S.C § 1329; 28 U.S.C § 1331, 1361 and § 1447(b). Elsheikh also invokes this action based on 5 U.S.C. § 704 which also confers jurisdiction. Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.,* 301 F.3d 492, 499 (7th Cir. 2002); *see* also, *Ahmed v. Department of Homeland Security, 328 F.3d 383, 386-87 (7th*

*Cir. 2003)* ("A conclusion that only one of those prerequisites is missing should lead the district court to deny the petition, not because it now realizes that it had no power to be thinking about the case in the first place but because the plaintiff has not demonstrated an entitlement to this form of extraordinary relief."). *Iddir* can be read to mean that, in some circumstances, agency inaction can violate an applicant's clear right to adjudication of his case, *He v. Chertoff*, 482 F. Supp.2d 1172 (S.D. Cal.2007); *Safadi v. Howard*, 466 F. Supp.2d 696 (E.D.Va.2006); *He v. Chertoff*, holding that USCIS owes a nondiscretionary duty to adjudicate applications within some reasonable time.

Ironically, the Defendant has pointed to *El Masri v. Dorchoff, et al., 07 C 5379, slip op.at1 (N.D.* Ill., February 25, 2008) in which the government sought to dismiss a similar mandamus case. In *El Masri,* Judge Shadur denied the governments motion to dismiss the case citing to the "endless stream of cases seeking adjudication of applications for naturalization, all stemming from the appalling failure of the FBI to conduct and complete countless background checks of such applicants." *El Masri v. Dorchoff, et al., 07 C 5379, slip op.at1 (N.D.* Ill., February 25, 2008). However Judge Shadur also states in *El Masri* "In conceptual terms the government's position partakes in part of the elements of a shell game: It makes the undisputed point that mandamus relief is available only if a plaintiff has a clear right to relief and a defendant has a duty to act, and it proceeds from there to urge that Congress has not imposed a duty to act on the FBI.  But that wholly ignores the fact that Section 1446(a) expressly requires confirmation from the FBI that it has completed a full criminal background check as a precondition to CIS' adjudication of the application for naturalization. *See* Judge Shadur's Memorandum order in *El Masri v. Dorchoff, et al., 07 C 5379, slip op.at1 (N.D.* Ill., February 25, 2008).

The defendant's contention and interpretation of the law is that USCIS would be able to

delay indefinitely. This is contrary to law. *Agbemaple v Ins* 1998 WL 292441 (1998) ("Although the statute does not specify a time by which an adjudication should be made, we believe that by necessary implication the adjudication must occur within a reasonable time... congress could not have intended to authorize potentially interminable delays. We hold that as a matter of law, Agbemaple is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication") Also see: *He v. Chertoff, 2008 WL 36634 (*N. D. Ill. 2008*)* (holding that USCIS owes a non-discretionary duty to adjudicate applications within some reasonable time). Also in accord: *Khelashvili v. Dorochoff*, 2007 WL 4293634 (N.D. Ill. 2007) and *Tang v. Chertoff*, 493 F. Supp.2d at 150 (2007) ("The duty to act is no duty at all of the deadline is eternity.").

**3.      There is No Duty on Behalf of the FBI to Plaintiff to Expedite his Name Check**

The Defendants are arguing that because the USCIS has subcontracted its criminal background check requirement to the FBI. (Defendant's Motion, page 6: "The FBI, in turn, performs the background checks at CIS' request on a 'fee-for-service' basis...") The Defendants then argue that the since the FBI does not have a nondiscretionary duty to process background checks, it cannot be compelled to preform the checks in a mandamus action. Then, the Defendant argues that because the USCIS cannot give the Plaintiff his naturalization interview, and cannot adjudicate his application, until the FBI concludes its background check, Plaintiff cannot prevail in this case and summary judgment should be entered in favor of the Defendants.

There is a name for this type of argument. It is called circular argument or circular logic. If the Defendants argument is accepted by this Court then all a government agency would have to do in order to prevent having to comply with its duty to perform its functions in a reasonably diligent

fashion is hire yet another government agency to perform part of its designated function.   Then it could argue that since the other agency cannot be compelled to complete its delegated function, mandamus cannot stand.   Certainly, this type of duty avoidance strategy cannot be allowed to succeed.

4.     **Elsheikh Has Failed to Establish That the Delay He Has Exeprienced Is Unreasonable**

Further, the Defendants own brief belies its argument that USCIS cannot adjudicate the Plaintiffs case without an FBI background check.  On page three (3) of its motion the Defendants state that under a new policy recently adopted it will not start to adjudicate adjustment petitions even if no FBI background check has been received by USCIS.   This fact turns the Defendants argument into doublespeak. On one hand they say that cannot be ordered to adjudicate the Plaintiffs petition, or even set up his interview,  because they legally cannot do it without an FBI background check, and then on the other hand, without skipping a beat, Defendants say that the Court should not worry about leaving Plaintiff and those similarly situated without a remedy,  because they are about to adjudicate adjustment of status petitions without FBI background checks!  True sophistry.

If the USCIS can decide to start adjudicating petitions like the Plaintiffs without FBI background checks being completed, then this Court can order that the USCIS adjudicate those petitions, (specifically Plaintiffs petition) and set a deadline for this to happen, or in the alternative adjudicate the petition on its own.

## Conclusion

For the foregoing reasons this Court should not only deny the Defendants motion for summary judgment, but also, based on the record before it, should grant the Plaintiff summary judgment on his Petition and grant him the relief he has requested.

_____/s/    Reem Odeh_____

**Reem Odeh**
**BRODSKY & ODEH**
Attorneys for Plaintiff
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 701-3000