disputes that statement, saying he is a stateless person, yet he provides no evidence to support his dispute. Absent some admissible evidence supporting his dispute, Elsheikh's unsupported denials should be stricken and not considered by the court. *Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006); *Smith*, 321 F.3d at 683 (failure to respond as mandated by the local rules results in an admission).

      **2.**    **USCIS Cannot Complete Elsheikh's Application until the Background Check Is Cleared and Absent Such a Duty Mandamus Is Not Proper.**

Elsheikh next argues that this court can grant him mandamus relief, compelling USCIS to adjudicate his petition. Br. at 2-3. In support, he cites to two adjustment of status cases and one visa denial case — *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002); *Ahmed v. Department of Homeland Security*, 328 F.3d 383, 386-87 (7th Cir. 2003); and *He v. Chertoff*, 482 F. Supp.2d 1172 (S.D. Cal.2007) — arguing that they hold that USCIS owes a non-discretionary duty to adjudicate applications within some reasonable time. Br. at 3. However, none of these courts addressed the power of USCIS to adjudicate a naturalization petition before completion of the background check.

Simply stated, CIS cannot interview Elsheikh on his petition until his background check is cleared by the FBI. 8 C.F.R. § 335.2(b). Without an interview, the 120 day deadline of 8 U.S.C. § 1447(b) does not apply and this court lacks jurisdiction to review the petition *de novo*. 8 U.S.C. § 1447(b) (120 days must past after completion of examination/interview before district court has jurisdiction over the application); *see also Antonishin v. Keisler*, 2007 WL 2788841at *3 (majority view is that the "examination" is the applicant's interview). Elsheikh fails to argue that jurisdiction exists under 1447(b), thereby waiving it. *Williams v. REP Corp.*, 302 F.3d 660,666 (7th Cir. 2002); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (failure to oppose an