UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABDALLAH ELSHEIKH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1152 |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, as Director | ) | Judge Kennelly |
| of the Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff Abdallah Elsheikh sued because his citizenship application had been pending for 18 months without a final adjudication.  Defendants moved for summary judgment because (1) Congress requires the Bureau Citizenship and Immigration Services to await the completion of FBI criminal background checks before adjudicating applications for naturalization, the court lacks jurisdiction to command the agency to adjudicate the application or to adjudicate the petition itself under 8 U.S.C. § 1447(b) until the both the required background check and the interview are completed, and (2) the FBI's delay in finishing the background check is not unreasonable in light of the volume of background checks requested, the complexity of the background check process, and the efforts and funds the FBI has expended to improve the process.

Elsheikh responds arguing that (1) the district court has mandamus jurisdiction over this action, (2) USCIS cannot escape a duty to adjudicate the petition by having the FBI do its background checks, and (3) USCIS's recent policy change adjudicating adjustment of status

petitions without complete background checks grants the court authority to order similar treatment in naturalization cases. Elsheikh does not dispute any material facts cited by defendants.

The defendants' motion should be granted because Congress's mandate that the FBI first complete background checks on an applicant before USCIS has a duty to adjudicate Elsheikh's petition precludes mandamus relief. In addition, USCIS policy on adjustment of status petitions has no effect on Congress's requirement for naturalization applications.

**Argument**

Elsheikh has sued two defendants here, USCIS and the FBI, and each should be considered separately. Elsheikh seeks to have USCIS adjudicate his petition for naturalization and he seeks to compel the FBI to complete his background investigation.

As stated in defendants' opening brief, by congressional edict USCIS cannot act until the FBI performs a full criminal background check. Without a duty to adjudicate the application, mandamus relief is not available. As for the FBI, it moved for summary judgment arguing that it had no duty to process Elsheikh in a manner other than its general first-in-first-out policy, and that its inability to complete background checks quickly enough to satisfy Elsheikh was not unreasonable, and was, in fact, most reasonable considering the volume of check requested, and the effort and funds expended to upgrade the process and complete pending requests.

**1.      Elsheikh Does Not Dispute Any Material Facts.**

In support of the motion for summary judgment, defendants submitted 63 statements of material fact. Elsheikh agrees with every material fact but one: whether Elsheikh is a citizen of Lebanon. Defendants stated in paragraph five that Elsheikh was a native and citizen of Lebanon, citing Elsheikh's own complaint as authority for that statement. *See* Complaint ¶ 5. Elsheikh now

2

disputes that statement, saying he is a stateless person, yet he provides no evidence to support his dispute. Absent some admissible evidence supporting his dispute, Elsheikh's unsupported denials should be stricken and not considered by the court. *Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006); *Smith*, 321 F.3d at 683 (failure to respond as mandated by the local rules results in an admission).

> **2.    USCIS Cannot Complete Elsheikh's Application until the Background Check Is Cleared and Absent Such a Duty Mandamus Is Not Proper.**

Elsheikh next argues that this court can grant him mandamus relief, compelling USCIS to adjudicate his petition. Br. at 2-3. In support, he cites to two adjustment of status cases and one visa denial case — *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002); *Ahmed v. Department of Homeland Security*, 328 F.3d 383, 386-87 (7th Cir. 2003); and *He v. Chertoff*, 482 F. Supp.2d 1172 (S.D. Cal.2007) — arguing that they hold that USCIS owes a non-discretionary duty to adjudicate applications within some reasonable time. Br. at 3. However, none of these courts addressed the power of USCIS to adjudicate a naturalization petition before completion of the background check.

Simply stated, CIS cannot interview Elsheikh on his petition until his background check is cleared by the FBI. 8 C.F.R. § 335.2(b). Without an interview, the 120 day deadline of 8 U.S.C. § 1447(b) does not apply and this court lacks jurisdiction to review the petition *de novo*. 8 U.S.C. § 1447(b) (120 days must past after completion of examination/interview before district court has jurisdiction over the application); *see also Antonishin v. Keisler*, 2007 WL 2788841at *3 (majority view is that the "examination" is the applicant's interview). Elsheikh fails to argue that jurisdiction exists under 1447(b), thereby waiving it. *Williams v. REP Corp.*, 302 F.3d 660,666 (7th Cir. 2002); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (failure to oppose an

argument permits an inference of acquiescence and "acquiescence operates as a waiver"). Instead, Elsheikh argues for jurisdiction under the general mandamus statute, 28 U.S.C. § 1361.

Mandamus relief is a "drastic and extraordinary remedy reserved for really extraordinary causes," and the issuing court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004). To prevail on his mandamus claim Elsheikh must demonstrate that: "(1) he has a clear right to the relief sought; (2) the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir*, 301 F.3d at 499 (citing 28 U.S.C. § 1361).

Here, there is no duty on behalf of USCIS to do the act in question. To the contrary, USCIS is expressly forbidden by Congress and by regulation to do what Elsheikh wants until the FBI has completed a "full background check."

> Provided further, That, during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, . . .

Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448-2449; 8 C.F.R. § 335.2. Absent the background check, USCIS has no duty to act and thus cannot be compelled, through mandamus or otherwise, to prematurely adjudicate the naturalization petition. Elsheikh, and USCIS, have to wait for the FBI.

Elsheikh also argues that "defendants' contention of the law is that USCIS would be able to delay indefinitely." Br. at 3-4. He does not, however, state what thus particular contention is. USCIS does not argue that it can or will delay adjudication indefinitely. To the contrary, USCIS's

position here has bee nothing but clear.  Once the FBI background is completed it will schedule and conduct the required interview, and once all other prerequisites for citizenship are in place, adjudication the petition as soon as practicable.  This is the same process followed for Elsheikh's wife's petition and Elsheikh makes no argument that USCIS will not follow it with his.

### 3.    Congress Required USCIS Background Checks Be Completed by the FBI.

Next, Elsheikh purports to address defendants argument that the FBI does not have a non-discretionary duty to process background checks.  Br. at 4.  He adds that defendants' argument that USCIS cannot complete an adjudication until the FBI completes the background and thus summary judgment in their favor is proper is a "circular argument or circular logic."  *Id.*  Elsheikh calls the delegation to the FBI to conduct USCIS background "duty avoidance strategy."  *Id.* at 5.

It is difficult to ascertain exactly what Elsheikh is arguing here.  Perhaps he is saying that is improper for USCIS to avoid responsibility for the background check delay by saying that it does not conduct the checks but the FBI does.  The assignment of USCIS background checks to the FBI was not something the agency concocted to avoid responsibility to complete its duty.  As stated above, Congress mandated "confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed."  111 Stat. 2448-2449.  Congress who ordered delegation of the background check task to the FBI.

### 4.    Adjustment of Status Policies Have No Effect on Statutes Concerning Naturalization Applications.

Finally, Elsheikh argues that USCIS can adjudicate naturalization petitions without background checks because it has instituted a policy to adjudicate adjustment of status petitions before a complete background check.  Br. at 5.  He argues that this new policy for adjustment cases only turns defendants' argument into "doublespeak" and "[t]rue sophistry."  *Id.*

5

Although Elsheikh cites to page three of defendants' motion for a recital of this policy, neither page three of defendants' memorandum of law nor page three of their statement of material facts discusses an adjustment of status policy. Moreover, neither document discusses the adjudication of adjustment of status petitions.

We assume that Elsheikh is referring to a USCIS policy enacted in February 2008 wherein it agreed to *adjudicate adjustment of status cases only* without a complete background check if the background check was pending with the FBI for more than 180 days. However, that policy does not benefit him and his pending naturalization petition. Not only do adjustment applications and naturalization applications seek different benefits, they are controlled by different statutes. USCIS cannot treat Elsheikh's petition for naturalization like an adjustment of status application. Congress's mandate that no naturalization petition be adjudicated until a full FBI criminal background check is completed precludes USCIS from waiving a complete background while and it has no effect on any adjustment of status case.

## Conclusion

For the foregoing reasons, this court should grant summary judgment in favor of the defendants.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   s/ James M. Kuhn, Sr.
    JAMES M. KUHN, SR.
    Assistant United States Attorney
    219 South Dearborn, Room 500
    Chicago, Illinois 60604
    (312) 353-1877
    james.kuhn @ usdoj.gov